IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CAROLYN A. GAY                                                                                    PLAINTIFF

V.                              Civil No. 2:16-cv-02197-PKH-MEF

NANCY A. BERRYHILL, Commissioner
Social Security Administration[1]                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Carolyn Gay, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed her application for DIB on December 19, 2013, alleging an onset date of June 1, 2006, due to back pain, bilateral foot pain, stomach problems, osteoarthritis, and bilateral knee pain. (ECF No. 9, pp. 53-54, 60, 120-123, 221). On January 6, 2015, the ALJ held an administrative hearing. (ECF No. 9, pp. 24-51). Plaintiff was present and represented by counsel.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

This case involves two relevant time periods. The first begins on June 1, 2006, Plaintiff's alleged onset date, and ends on December 31, 2009, Plaintiff's date last insured. The second period runs from October 31, 2011, the date she regained insured status, and ends on December 31, 2012. (ECF No. 9, p. 14).

On May 1, 2015, the ALJ found Plaintiff had the following medically determinable impairments: plantar fasciitis, neuritis, and a heel spur on the left foot; cervicalgia; polyarticular joint pain; and, arthritis. (ECF No. 9, p. 14). Through her date last insured, however, he concluded she did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months. (ECF No. 9, p. 15). Accordingly, the ALJ determined Plaintiff was not under a disability at any time from June 1, 2006 through December 31, 2012. (ECF No. 9, p. 19).

The Appeals Council denied the Plaintiff's request for review on June 13, 2016. (ECF No. 9, pp. 4-7). Subsequently, Plaintiff filed this action. (ECF No. 1). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (ECF No's. 10, 13).

**II.     Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is

2

substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education,

and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's failure to proceed past Step Two of the sequential analysis. At Step Two, the ALJ must determine whether the claimant has a severe physical and/or mental impairment or combination of impairments that has lasted at least one year. A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). In contrast, non-severe impairments have no more than a minimal effect on the claimant's ability to work. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); 20 C.F.R. § 404.1521(a)).

In the present case, despite finding Plaintiff's plantar fasciitis, neuritis, and a heel spur on the left foot, cervicalgia, polyarticular joint pain, and arthritis to be medically determinable impairments, the ALJ concluded that these impairments were not severe because they did not meet the 12-month durational requirement. Over a 15-month period, however, extending from March 2008 until August 2009, Dr. Vafa Ferdowsian consistently treated the Plaintiff for pain and neuritis in her left foot and advised her to decrease her activity. Said treatment included over-the-counter heat molded inserts, shoe gear modifications, anti-inflammatories, stretching, taping, steroid injections, and ultimately, tarsal tunnel release surgery in February 2009. (ECF No. 9, pp. 289-298). Although surgery appears to have initially improved her pain and

discomfort, the relief was short lived. By May 2009 the pain had returned, and Dr. Ferdowsian noted pain on palpation with edema at the area of the insertion of the plantar fascia on the left side. (ECF No. 9, p. 284). In August 2009, although the edema had abated, Plaintiff continued to exhibit tightness and tenderness over the surgical incision at the plantar medial heel. (ECF No. 9, p. 281). Dr. Ferdowsian again prescribed a variety of conservative treatment modalities, including physical therapy.

Similarly, beginning in August 2012 the Plaintiff sought out treatment for left knee pain. (ECF No. 9, pp. 317-319). In December 2012 Dr. Kelli Rippy noted a slightly swollen left knee with tenderness over the joint line, crepitus, and difficulty with complete extension secondary to pain. (ECF No. 9, pp. 316-317). An x-ray of the knee showed chondromalacia and arthritis. In June 2013, six months after Plaintiff's final date last insured, Dr. Rippy noted a limp and an inability to fully extend the left leg. (ECF No. 9, pp. 314-315). An MRI of the knee showed degenerative arthropathy most prominent at the medial compartment where there was loss of most of the articular cartilage, as well as a tear involving the body of the medial meniscus. Milder articular cartilage irregularity was noted elsewhere, as was small joint effusion and a small popliteal cyst. (ECF No. 9, p. 322). Conservative treatment failed, and in July 2013, a mere seven months after her date last insured, Plaintiff underwent total left knee arthroplasty (replacement). (ECF No. 9, pp. 325-327).

While the Court does note that Plaintiff's knee replacement procedure took place after her date last insured, the question is whether the impairment has lasted or is expected to last at least 12 months. Therefore, the undersigned finds that the record does not support the ALJ's conclusion that the Plaintiff's left foot and knee impairments were non-severe during the

5

respective relevant time periods, and it is recommended that the case be remanded. On remand, the ALJ should be directed to reconsider his Step Two determination and proceed to the next step in the sequential evaluation process.

Because the record does not contain an actual RFC assessment, on remand, the ALJ is further directed to re-contact Dr. Ferdowsian and Dr. Rippy to obtain assessments of the Plaintiff's ability to perform work-related activities during the relevant time periods. Special attention should be paid to the Plaintiff's ability to stand, walk, and perform postural activities, as these appear to be limited by her impairments. If Dr. Ferdowsian and/or Dr. Rippy are unwilling or unable to complete assessments, the ALJ is directed to forward Plaintiff's medical records to an agency physician for a non-examining consultative assessment.

## V. Conclusion:

Based on the foregoing, I recommend reversing and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of December, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE