IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CAROLYN A. GAY                                                                                           PLAINTIFF

v.                                         CIVIL NO. 2:16-cv-2197

NANCY A. BERRYHILL, Acting
Commissioner, Social Security Administration                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 17, 18). On January 25, 2018, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $6,613.80, representing a total of 9.75 attorney hours for work performed in 2016 at an hourly rate of $188.00 and 24.90 attorney hours in 2017 and 2018 at a rate of $192.00 per hour. (ECF No. 17-2). On January 26, 2018, the Defendant filed a response objecting to a number of the requested hours as involving clerical tasks and excessive time for the completion of tasks that are not compensable under the EAJA. (ECF No. 20). On February 3, 2018, Plaintiff filed a Reply stating that, although she does not necessarily agree with the Defendant's objections, she does not oppose the Court's granting of the same. (ECF No. 22).

Accordingly, the Court finds that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified," and the hourly rate requested does not exceed the CPI for either year in question. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir.

1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). The Court, however, agrees with the objections raised by the Defendant. Plaintiff is entitled to only .25 hours for the attorney's review of the Defendant's two-page answer and is not entitled to any time for the tasks of reviewing the NEF's noticing the filing of the complaint, issuance of summons, direct assignment of the case to U.S. Magistrate, filing of the answer and the transcript, filing of the Defendant's appeal brief, and receipt of the green cards denoting service of process, as these tasks are clerical in nature. Accordingly, the Court finds that the Plaintiff's fee award should be decreased by 1.45 attorney hours for work performed in 2016 and .10 attorney hours for work performed in 2018. Thus, Plaintiff is entitled to an attorney's fee award under the EAJA in the amount of $6,322.00 ((8.30 x $188.00) + (24.80 x $192.00)).

Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff. However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## IV. Conclusion:

Based upon the foregoing, Plaintiff is awarded the sum of **$6,322.00** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 15th day of February, 2018.

/s/ P. K. Holmes III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE